Joseph Slaughter
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
(646) 346-8028
slaughterj@ballardspahr.com
*Attorneys for RPAI Pelham Manor, L.L.C.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
IN RE : 
: 
STEVE N. MURRAY A/KA STEVE NATHAN : CHAPTER 13
MURRAY A/K/A STEVE MURRAY, :
: CASE NO. 1-21-40002-jmm
DEBTOR :
: JUDGE: Jil Mazer-Marino
:
:
:
---------------------------------------------------------------X

**OBJECTION OF RPAI PELHAM MANOR, L.L.C.**
**TO CONFIRMATION OF CHAPTER 13 PLAN**

RPAI Pelham Manor, L.L.C., by its undersigned attorney, objects to confirmation of the Chapter 13 Plan and, in support thereof, says:

1. Steve N. Murray (the "Debtor") is an individual and the debtor herein, having filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on January 4, 2021.

2. RPAI Pelham Manor, L.L.C. ("RPAI") is a creditor holding an unsecured claim against the Debtor in the amount of $783,352.29, arising from the Debtor's guaranty of a lease between RPAI and Gabrielle's NY, Inc. a corporation owned by the Debtor and Karen Murray, his spouse.

3. RPAI now objects to confirmation of the Chapter 13 Plan herein.

4. In violation of Section 1325(a)(4) of the Bankruptcy Code, the value as of the effective date of the plan of property to be distributed under the Chapter 13 Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Bankruptcy Code.

5. The Debtor proposes to pay to unsecured creditors an aggregate sum of $104,146.80 over a period of sixty (60) months. However, the Debtor's amended Schedule A/B indicates that the current total value of the Debtor's property is $249,369.41.

6. Creditors would, therefore, receive a greater distribution were the estate of the Debtor liquidated under Chapter 7 of the Bankruptcy Code than is proposed to be paid under the Chapter 13 Plan.

7. In violation of Sections 1325(a)(1) and 1322(a)(3) and (b)(1) of the Bankruptcy Code, the Chapter 13 Plan provides for different treatment of claims within a particular class and unfairly discriminates among creditors in the same class.

8. As of October 27, 2019, the Debtor owned a parcel of real property commonly known as 1468 Jefferson Avenue, Brooklyn, New York 11237 (the "Real Property").

9. On October 28, 2019, the Debtor transferred the Real Property, for no consideration, to a limited liability company wholly-owned by the Debtor, MODUS64 LLC. RPAI believes and therefor avers that the transfer of the Real Property to MODUS64, LLC was a fraudulent conveyance or fraudulent transfer under applicable law.

10. Although the Debtor remains obligated to two creditors who hold liens against the Real Property, Wells Fargo Home Mortgage and AJ Partners Lending, LLC, those creditors do not hold secured claims against this bankruptcy estate. Any allowed claims of those creditors are not "secured by a lien on property in which the estate has an interest." See, Section

506 (a)(1) of the Bankruptcy Coder. Their claims are unsecured claims of the same priority as that of RPAI and various other creditors of this bankruptcy estate.

11. By the Chapter 13 Plan, the Debtor unfairly proposes to pay those unsecured claims in advance of the claims of other creditors, such that those creditors may be paid in full. While contributing only the sum of $1,735.78 per month to the Chapter 13 Plan, the Debtor proposes to pay the aggregate sum of nearly $6,000.00 per month to Wells Fargo Home Mortgage and AJ Partners Lending, LLC.

12. There is no basis for unfairly discriminating among creditors holding unsecured claims. Therefore, confirmation of the Chapter 13 Plan should be denied.

13. In violation of Section 1325(a)(3) of the Bankruptcy Code, the Chapter 13 Plan was not proposed in good faith.

14. In his original Statement of Financial Affairs, the Debtor failed to disclose the transfer of the Real Property on October 28, 2019, and falsely stated that there had been no transfers of property of the Debtor within two years before filing for relief under Chapter 13 of the Bankruptcy Code.

15. The Debtor further improperly and without justification sought to claim as exempt his interest in the Real Property as his homestead, notwithstanding the fact that he had fraudulently conveyed it to MODUS64, LLC over fourteen (14) months earlier.

16. The Debtor corrected these bad faith misstatements only after they were discovered by the Chapter 13 Trustee and the Chapter 13 Trustee moved to dismiss this bankruptcy case.

17. The Debtor's lack of good faith presents additional grounds to deny confirmation of the Chapter 13 Plan.

WHEREFORE, RPAI Pelham Manor, L.L.C. respectfully requests the following relief:

A. That confirmation of the Chapter 13 Plan dated January 15, 2021, be DENIED;

B. That this bankruptcy case be converted to a liquidation case under Chapter 7 of the Bankruptcy Code; and

C. That RPAI Pelham Manor, L.L.C. be granted such other and further relief as is just and equitable.

Dated: March 10, 2021

/s/ Joseph Slaughter
Joseph Slaughter
Ballard Spahr LLP
1675 Broadway, 19th floor
New York, NY 10019
T: 212.223.0200
F: 212.223.1942
slaughterj@ballardspahr.com

*Attorneys for Creditor RPAI Pelham Manor, L.L.C.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2021, a true copy of the foregoing **Objection of RPAI Pelham Manor, L.L.C. to Confirmation of Chapter 13 Plan** was filed electronically using the Court's CM/ECF system, with notice generated to all counsel of record.

/s/ Joseph Slaughter
Joseph Slaughter
